

**FILED & ENTERED**

**APR 24 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** toliver **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Shahram Nemani<br><br><br><br>Debtor. | Case No.: 2:14-bk-12862-TD<br><br>CHAPTER 11<br><br>**ORDER DENYING MOTIONS TO IMPOSE OR CONTINUE THE AUTOMATIC STAY**<br><br>Date:     April 2, 2014<br>Time:    10:00 a.m.<br>Courtroom:   1345 |

  Debtor filed two motions, one on March 5, 2014, and the second on March 12, 2014.  The first seeks to continue the automatic stay under § 362(c)(3)(C).  The second seeks to have the stay take effect as to all creditors under § 362(c)(4)(B).

  The first motion is denied because it was not filed and served on adequate notice, particularly to secured creditors, and was not scheduled for hearing within 30 days of the filing of this second bankruptcy case pending within the preceding "1-year period" specified in §§ 362(c)(3)(A) and (B).  Thus, the court lacks jurisdiction to grant Debtor's first motion.

  The Debtor's second motion is denied for the following reasons:

1  Though § 362(c)(4)(B) requires a showing that a debtor seeking an ongoing stay
2  in such a second bankruptcy pending within a year, such an order is available "only if
3  the party [seeking the stay] demonstrates that the filing of the later case is in good faith .
4  . .", among other things.
5  Pursuant to § 362(c)(4)(D), "a [later] case is presumptively filed not in good faith."
6  The presumption may be rebutted by clear and convincing evidence to the contrary.  Id.
7  The court concludes that Debtor has not provided adequate evidence to clearly
8  and convincingly rebut the presumption of § 362(c)(4)(D).
9  Debtor says in his sworn declaration that he is working two jobs and his wife is
10  working one.  But Debtor neither testifies nor documents any income, other than
11  $1,707.20, as separately stated in Debtor's Schedule I filed February 28, 2014.  That
12  sum is not enough to support Debtor and his wife's ordinary living expenses as reflected
13  in Debtor's Schedule J.  It does not support reasonable debt service to secured
14  creditors in this case.  With two real properties valued at $1.4 million, Debtor's Schedule
15  A and D report secured debt exceeding that amount by $500,000.
16  Debtor's Statement of Financial Affairs (SOFA), filed in the first case on July 12,
17  2012, reported 2010 gross income for both spouses from employment of $54,642 in
18  2010; and employment income of $26,185.32 for 2012 and unemployment income of
19  $17,411.31 for 2012.
20  Debtor's SOFA filed in the second case on February 28, 2014, contains new
21  figures for 2012—$41,063 employment income for both spouses; $35,753 employment
22  income for 2013; and $2,560, year to date, for 2014.  No unemployment income was
23  reported.
24  From the foregoing, the evidence demonstrates that as of 2014, Debtor's and his
25  wife's income has declined from 2010 to 2014.
26  Debtor in his supporting declaration professes to have a reorganization strategy
27  in the second case.   Debtor fails to explain that strategy.
28  In addition, the court notes that Debtor's moving papers were not served on

secured creditors in accordance with Federal Rule of Bankruptcy Procedure 2002(d)(3) or (h).  Moreover, the attorney for U.S. Bank who obtained an adequate protection order from the court in Debtor's first bankruptcy case was not served at all.

IT IS SO ORDERED.

Date: April 24, 2014

Thomas B. Donovan
United States Bankruptcy Judge